UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| VLADIMIR LOYEVETS, | ) | CASE NO. C09-0396-RSL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| A. NEIL CLARK, Field Office Director, | ) | |
| U.S. Immigration and Customs Enforcement, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## I.  INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Vladimir Loyevets, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which challenges his detention by the U.S. Immigration and Customs Enforcement ("ICE") at the Northwest Detention Center in Tacoma, Washington. (Dkt. 6). He requests that this Court order his release from custody on conditions or reasonable bond, arguing that "such custody violates the due process rights of the Petitioner." *Id.* at 1. Respondent has filed a motion to dismiss, arguing that petitioner is not entitled to a bond hearing or to a release because he is subject to mandatory detention under Section 236 (c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c), pending completion of his

REPORT AND RECOMMENDATION
PAGE -1

removal proceedings. (Dkt. 10).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. 6) be DENIED and respondent's motion to dismiss (Dkt. 10) be GRANTED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Ukraine, who was admitted to the United States on October 28, 1993, as a refugee. (Dkt. 12 at L14-15). On October 18, 1995, he adjusted his status to lawful permanent resident retroactive to his date of admission. (Dkt. 12 at L19).

Since his admission into the United States, petitioner has been convicted of numerous crimes both as a juvenile and as an adult, including theft, assault, criminal trespass, criminal attempt, burglary, malicious mischief, possession of a controlled substance, and forgery. (Dkt. 12 at R216-17). On March 21, 2008, ICE encountered petitioner while he was serving a sentence at the Pierce County Jail in Tacoma, Washington. *Id.* On July 2, 2008, ICE issued a Notice to Appear, charging petitioner as being subject to removal under Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act ("INA"), for having been convicted of two crimes involving moral turpitude, and under INA § 237(a)(2)(B)(i), for having been convicted of a crime relating to a controlled substance. (Dkt. 12 at L163-65).

On March 17, 2009, petitioner was transferred from the Washington Corrections Center to the Northwest Detention Center, where he remains detained. (Dkt. 12 at R219). Petitioner requested and received a bond redetermination hearing befor an Immigration Judge on April 3, 2009, who ordered that the request for a change in custody status be denied. (Dkt. 12 at L183). Petitioner's removal proceedings remain pending before the Immigration Judge.

On March 26, 2009, petitioner filed the instant habeas petition challenging his

REPORT AND RECOMMENDATION
PAGE -2

detention. (Dkt. 6). On May 14, 2009, respondent filed a return and motion to dismiss. (Dkt. 10). Petitioner did not file a response.

### III. DISCUSSION

Section 236(c) of the INA states that "[t]he Attorney General *shall* take into custody any alien who" is deportable from the United States because he has been convicted of certain crimes specified in the provision.[1] INA § 236(c)(1)(B) (emphasis added). Unlike non-criminal aliens who are detained under INA § 236(a), criminal aliens detained under INA § 236(c) are not entitled to a bond hearing and are not provided the opportunity to show that their detention is unnecessary because they are not a danger to the community or a flight risk.[2] *See Casas-Castrillon v. DHS*, 535 F.3d 942, 946 (9th Cir. 2008).

In *Demore v. Kim*, 538 U.S. 510, 531, 123 S.Ct. 1708, 155 L.Ed. 2d 724 (2003), the Supreme Court held that "Congress, justifiably concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to appear from their removal hearings in large numbers, may require that persons such as respondent be detained for the brief period necessary for their removal proceedings." *Demore*, 538 U.S. at 513. The Court further held that "[d]etention during removal proceedings is a constitutionally permissible part of that

---

[1] Section 236(c) only applies to criminal aliens who are taken into immigration custody immediately after they are released from incarceration on the underlying criminal offense. See Quezada-Bucio v. Ridge, 317 F. Supp. 2d 1221, 1228 (W.D. Wash. 2004)(finding that the petitioner who was released from state custody was not taken into immigration custody until three years later was not subject to mandatory detention under INA § 236(c)). Because petitioner was transferred directly into ICE upon his release from incarceration on the underlying criminal offense, INA § 236(c) governs his detention pending removal proceedings. *Id.*

[2] The Attorney General may release a criminal alien who is detained under INA § 236(c) only for narrow reasons specified in the provision that are not implicated in the present case. *Casas-Castrillon*, 535 F.3d at 946 (citing INA § 236(c)(2), 8 U.S.C. § 1226(c)(2)).

REPORT AND RECOMMENDATION
PAGE -3

process." *Id.* at 531.

In the present case, ICE charged petitioner with being removable from the United States for having been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct under INA § 237(a)(2)(A)(ii). Thus, petitioner falls squarely within the group of criminal aliens described in INA § 236(c)(1)(B) for whom detention is mandatory during removal proceedings.

Petitioner argues that he is entitled to a bond hearing under the Ninth Circuit's decision in Casas-Castrillon, 535 F.3d at 942; and Prieto-Romero v. Clark, 534 F.3d 1053 (9th Cir. 2008). (Dkt. 6 at 2-4). However, as respondents argue, the authorities cited by petitioner do not apply to the facts of his case. (Dkt. 10 at 3-4).

In *Prieto-Romero* and *Casas-Castrillon*, the Ninth Circuit held that aliens who are in immigration detention pending judicial review of an administratively final order of removal are entitled to an individualized bond hearing before an Immigration Judge regardless of whether they were detained under INA § 236(a)(discretionary detention) or INA § 236(c)(mandatory detention) during removal proceedings. *Casas-Castrillon*, 535 F.3d at 942; *Prieto-Romero*, 534 F.3d at 1053. Both of the aliens in *Prieto-Romero* and *Casas-Castrillon* were detained pending Ninth Circuit review of their administratively final orders of removal. *Id.*

Here, however, unlike *Prieto-Romero* and *Casas-Castrillon*, petitioner is still in removal proceedings before the Immigration Court. Thus, petitioner's detention is governed by INA § 236(c) until his removal proceedings have been completed. See INA §241(a)(1)(B); see also INA § 101(47)(B). Accordingly, petitioner is not entitled to a bond hearing or release from mandatory detention.

Petitioner also appears to argue that his detention is indefinite, in violation of *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed. 2d 653 (2001). (Dkt. 6 at 4). Respondent argues that the indefinite detention analysis does not apply under these circumstances. (Dkt. 10 4-5). The Court agrees with respondent.

In *Zadvydas*, the Supreme Court considered whether the post-removal-period statute, INA § 241(a)(6), 8 U.S.C. § 1231(a)(6), authorizes the Attorney General "to detain a removable alien *indefinitely* beyond the removal period or only for a period *reasonably necessary* to secure the alien's removal." *Zadvydas*, 533 U.S. at 682. The petitioners in *Zadvydas* could not be removed because no country would accept them. Thus, removal was "no longer practically attainable," and the period of detention at issue was "indefinite" and "potentially permanent." *Id.* at 690-91. The Supreme Court held that INA § 241(a)(6), which permits detention of removable aliens beyond the 90-day removal period, does not permit "indefinite detention." *Id.* at 689-697. The Court concluded that after a presumptively reasonable six-month period of post-removal-period detention, an alien is eligible for conditional release upon demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.

Here, however, the *Zadvydas* rule is inapplicable for two reasons. First, petitioner's removal period has not begun because he is still in removal proceedings. See 8 U.S.C. § 1231(a)(1)(B). Second, petitioner's detention is not indefinite because he "remains capable of being removed, even if it has not yet finally been determined that he should be removed." *Prieto-Romero*, 534 F.3d at 1065. Once petitioner's removal proceedings have been completed, ICE will remove petitioner or release him. Thus, "he is not stuck in a

01 | 'removable-but-unremovable limbo,' as the petitioners in *Zadvydas* were." *Id.* at 1063.
02 | Accordingly, the holding in Zadvydas does not apply.

## IV. CONCLUSION

For the foregoing reasons, I recommend that petitioner's habeas petition be DENIED, and that respondent's motion to dismiss be GRANTED. A proposed Order accompanies this Report and Recommendation.

DATED this 9th day of June, 2009.

s/ Mary Alice Theiler
United States Magistrate Judge
